UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cr-269-MSS-UAM

RICHARD GLENN KANTWILL

**PRETRIAL DETENTION MEMORANDUM**

The United States, under 18 U.S.C. § 3142(f)(1)(A), moves to detain the defendant pending trial and proffers information for the Court to consider under 18 U.S.C. § 3142(g) showing Kantwill poses a danger to the community if released.

BACKGROUND

On June 11, 2024, a Federal Grand Jury seated in the Middle District of Florida returned a sealed three-count indictment charging Richard Glenn Kantwill with violations of 18 U.S.C. § 845 related to interstate transmission of a threat to injure. These facts are proffered to the Court in accordance with 18 U.S.C. § 3142(g) and will be supplemented by additional information and argument at the detention hearing in this case.

The evidence in this case is strong and includes information and evidence collected pursuant to search warrants and interviews. The Federal Bureau of Investigation (FBI) uncovered hundreds of messages sent by Kantwill, many of which were threatening in nature. Although investigators have not been able to confirm Kantwill's presence in the Middle District of Florida while sending most of

the threats, IP address information associated with Kantwill proves he was in the Middle District of Florida when he sent the threats charged in the indictment. Regardless of the location from which Kantwill sent the threatening messages, the evidence shows Kantwill issued threats of violence to many different victims through various means of communication and has persisted in this conduct despite law enforcement intervention.

On October 15, 2019, the FBI interviewed Kantwill as a result of a complaint regarding Kantwill's threatening messages. The FBI warned Kantwill that his messages were being perceived as threatening and he needed to cease such behavior. Despite the FBI's warning, Kantwill spent the next ten months sending threats to over 40 victims via social media and email.

The FBI determined Kantwill also sent various threats prior to their encounter with him in October 2019. All the threats Kantwill sent were recovered through search warrants of Kantwill's email address, Facebook, and Instagram accounts. Through investigative means, the FBI confirmed Kantwill's ownership over the email account, phone number, and social media accounts Kantwill used to send the threatening messages.

On September 5, 2019, Kantwill sent Victim 1 the following message[1] via email:

---

[1] This message, which is charged in Count One of the indictment, has been sanitized via redactions.

> You, sir, are a degenerate piece of s[redacted] I read your article about The Great Donald Trump. It is so blatantly prejudiced that you don't even attempt to be impartial, you f[redacted]. You are gay...I can tell. F[redacted] you. I love what Trump does and where he stays. You ignorant f[redacted] never cared about how the great ghetto c[redacted] Obama and how he got rich, but your going to get a hard-on about where Trump stays. So blatantly ignorant, and liberally immoral. God bless the Great President Trump and his family. F[redacted] you and yours. Hire extra security...you're gonna need it. I plan on f[redacted]ng you up...just for the fun of it.

Based on IP address information, Kantwill sent this message while he was in Tampa, Florida, within the Middle District of Florida.

On September 24, 2019, Kantwill texted[2] Victim 2 the following threat:

> Hi fake Reverend... you should know...being the anti-Christian piece of s[redacted] that you are, that we are going to kill you. Torture first, then death. You will deny Christ, just like Judas because you are a coward. Either way...prepare to die. You won't see Christ....because you as re an immoral degenerate

Based on IP address information, Kantwill sent this message while he was in Tampa, Florida, within the Middle District of Florida.

As a result of the threatening text message, Victim 2 installed nearly $4,500 worth of surveillance cameras due to his genuine fear of Kantwill.

On July 9, 2020, Kantwill sent Victim 3 the following message[3] via Instagram direct message:

> **Text** Hey n[redacted]...ever get tired of losing??? Cannot wait to shoot your ghetto a[redacted] in the street..you will die like every other n[redacted] piece of sh[redacted]t...
> **Author** dr.richardk (26731935484)

---

[2] This text, which is charged in Count Two of the indictment, has been sanitized via redactions.
[3] This message, which has been charged in Count Three of the indictment, has been sanitized via redactions.

Based on IP address information, Kantwill sent this message while he was in Orlando, Florida, within the Middle District of Florida.

Additionally, in some of his Facebook messages Kantwill boasted about his weapons collection, indicating that he had a large collection that he would "NEVER surrender." He also sought to buy back "automatic and highly illegal" firearms from a different Facebook user. Kantwill referenced enjoying the violence of his military service, specifically stating "…and I loved creating widows and orphans."

The United States is aware of information indicating Kantwill transmitted a violent threat as recently as February 2024. According to an ongoing FBI investigation, Kantwill threatened a politician by sending, via Facebook, the following threat[4]:

> You are a degenerate c▮▮ and you are now the target of our own investigation. Take note because liberal ▮▮▮▮like you get raped in alleys, by really big black guys that serve our cause. So, you▮▮▮are going to get raped by at least 5 n▮▮▮▮ and do nothing. You are the number 1 target, you degenerate▮▮▮

## **MEMORANDUM OF LAW**

The Bail Reform Act of 1984 provides in 18 U.S.C. § 3142(a) that:

Upon the appearance before a judicial officer of a person charged with

---

[4] This message has been sanitized via redactions.

an offense, the judicial officer shall issue an order that, pending trial, the person be—

(1) released on personal recognizance or upon execution of an unsecured appearance bond, under [§ 3142(b)];

(2) released on a condition or combination of conditions under [§ 3142(c)];

(3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under [§ 3142(d)]; or

(4) detained under [§ 3142(e)].

Under § 3142(e), the Court must order detention if, after holding a hearing, it determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Court applies a preponderance of the evidence standard in determining whether the defendant poses a flight risk and a clear and convincing standard in determining whether the defendant poses a danger to the community. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

In determining whether detention is warranted, the Court must consider the following factors 18 U.S.C. § 3142(g):

(1) The nature and circumstances of the offense charged;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, the § 3142(g) factors generally weigh in favor of detention. The weight of the evidence against Kantwill is extremely strong. Kantwill repeatedly sent threatening messages to people across the country who didn't maintain the same beliefs as he did. He used explicit language to detail exactly how he planned to injure or kill individuals, and he put Victim 2 in such fear that Victim 2 reacted with additional security measures. Kantwill recklessly sent over 100 messages containing threats with no regard for the effect they would have on the recipients. The numerous messages Kantwill sent to various people threatening injury and death, his disdain for law and order expressed in many of his messages, his bragging about his firearms collection that he will never surrender, his expressed desire to buy illegal firearms, and his continued pattern of making threats, all show Kantwill poses a danger to the community if released.

The facts above are proffered to the Court and will be supplemented by additional information and argument at the detention hearing in this case.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: /s/ Abigail K. King
Abigail K. King
Assistant United States Attorney
FL Bar No. 294963
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Abigail.King@usdoj.gov

U.S. v. Richard Glenn Kantwill   Case No. 8:24-cr-269-MSS-UAM

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel of Record

        By: */s/ Abigail K. King*
           Abigail K. King
           Assistant United States Attorney
           FL Bar No. 294963
           400 N. Tampa Street, Suite 3200
           Tampa, Florida 33602-4798
           Telephone: (813) 274-6000
           Facsimile: (813) 274-6358
           E-mail: Abigail.King@usdoj.gov