UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-CR-269-MSS-UAM
    18 U.S.C. § 875(c)

RICHARD GLENN KANTWILL

## SUPERSEDING INFORMATION

The United States Attorney charges:

### COUNT ONE

On or about September 5, 2019, in the Middle District of Florida and elsewhere, the defendant,

RICHARD GLENN KANTWILL,

did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, with the intent to communicate a true threat and with recklessness as to whether the communication would be viewed as a true threat, by sending Victim 1 a threat via email.

In violation of 18 U.S.C. § 875(c).

### COUNT TWO

On or about September 24, 2019, in the Middle District of Florida and elsewhere, the defendant,

RICHARD GLENN KANTWILL,

did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, with the intent to communicate a true threat and with recklessness as to whether the communication would be viewed as a true threat, by sending Victim 2 a threat via text message.

In violation of 18 U.S.C. § 875(c).

### COUNT THREE

On or about July 9, 2020, in the Middle District of Florida and elsewhere, the defendant,

RICHARD GLENN KANTWILL,

did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, with the intent to communicate a true threat and with recklessness as to whether the communication would be viewed as a true threat, by sending Victim 3 a threat via Instagram message.

In violation of 18 U.S.C. § 875(c).

### COUNT FOUR

On or about February 9, 2024, in the Middle District of Florida and elsewhere, the defendant,

RICHARD GLENN KANTWILL,

did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, with the intent to communicate a true

threat and with recklessness as to whether the communication would be viewed as a true threat, by sending Victim 4 a threat via Facebook message.

In violation of 18 U.S.C. § 875(c).

### **FORFEITURE**

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 875(c) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 875(c), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 875(c) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: _____
Abigail K. King
Assistant United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney
Chief, Special Prosecutions